IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | |
|---|---|
| **CHARLOTTE BREIDE** <br> London <br> SW1W 9QL <br> United Kingdom <br><br> Plaintiff, <br><br> v. <br><br> **CAREFUSION 2200, INC.** <br> 3750 Torry View Court <br> San Diego, CA 92130 <br><br> SERVE: THE CORPORATION <br> TRUST INCORPORATED <br> 351 West Camden Street <br> Baltimore, MD 21201 <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> : Case No.: <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

RECEIVED
APR 14 2015
Clerk of the Circuit Court
Montgomery County, Md.

### COMPLAINT FOR DAMAGES
(Product Liability: Medical Device Malfunctions During Surgery)

### JURISDICTION AND VENUE

1. Jurisdiction of this court arises under the State of Maryland Court and Judicial Proceedings Article, § 6-103, et seq.

2. Venue is appropriate in this Court since the defective medical device involved in the surgery at issue failed during surgery on November 19, 2012 which occurred in Montgomery County.

### PARTIES

3. Plaintiff Charlotte Breide is an adult Swedish citizen and a permanent resident of the United Kingdom.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

4.   Upon information and belief, and at all relevant times herein, Defendant CareFusion 2200, Inc. (hereinafter "CareFusion") was and is a corporation licensed in the State of California, conducted business in the State of Maryland and designed, manufactured, inspected, marketed, distributed, sold and warranted the arthroscopic probe at issue in this case.

5.   Upon information and belief, Defendant CareFusion designed, manufactured, inspected, marketed, distributed, sold and warranted to the general public throughout the United States and the State of Maryland and placed in the stream of commerce, medical devices, including the arthroscopic probe in question.

## FACTS

6.   On or about November 19, 2012, Plaintiff Charlotte Breide underwent wrist surgery performed by Dr. Noah Raizman at Massachusetts Avenue Surgery Center ("MASC") located at 6400 Goldsboro Road, Bethesda, Maryland.

7.   During the course of the surgery referred to in the preceding paragraph, Dr. Raizman was using an arthroscopic probe designed, manufactured, inspected, distributed, sold and/or warranted by Defendant CareFusion.

8.   Upon information and belief, the arthroscopic probe designed, manufactured, inspected, distributed, sold and/or warranted by Defendant CareFusion was purchased by MASC at some point prior to the November 19, 2012 surgery.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

9. During the course of the surgery, the arthroscopic probe manufactured, inspected, distributed, sold and/or warranted by Defendant CareFusion broke, leaving a piece of the device inside Ms. Breide's wrist.

10. Following the November 2012 surgery, Ms. Breide's wrist did not heal as anticipated, and in January 2013, Dr. Raizman ordered repeat diagnostic studies which revealed the foreign body in Ms. Breide's wrist.

11. In order to remove the foreign body, Ms. Breide had to undergo a second surgery performed by Dr. Raizman on January 18, 2013.

12. As a result of the defective arthroscopic probe, Ms. Breide suffered serious injuries, including an impaired immune system and limited mobility, among other injuries.

13. As a further result of the defective arthroscopic probe, Ms. Breide sustained extensive injuries and damages, including but not limited to, emotional and physical pain and suffering, severe and permanent wrist injuries, past and future expenses for medical care, loss of enjoyment of life, lost income/wages and/or other severe and permanent injuries.

## COUNT I
### (Product Liability)

14. Plaintiff hereby incorporates, by reference, paragraphs 1 through 13 above, and further states that at all times relevant herein, Defendant CareFusion manufactured, designed, distributed and/or sold the arthroscopic probe that was used during Plaintiff's surgery.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 3 -

15. Plaintiff further alleges that at all relevant times herein, MASC purchased the arthroscopic probe from Defendant CareFusion, and the probe was not misused or altered in any significant way prior to the surgery that was performed on the Plaintiff.

16. Plaintiff further alleges that when Ms. Breide was injured, the CareFusion arthroscopic probe was being used in an intended and reasonably foreseeable manner.

17. Plaintiff further alleges that Defendant CareFusion was in the business of designing, manufacturing, distributing and/or selling the arthroscopic probe which caused Ms. Breide's injuries.

18. Upon information and belief, Plaintiff further alleges that the medical device was defective when Defendant CareFusion sold it or otherwise put it into the stream of commerce.

19. Upon information and belief, Plaintiff further alleges that the arthroscopic probe designed, manufactured, distributed and/or sold by Defendant CareFusion was not substantially changed or altered before it was used to perform surgery on the Plaintiff.

20. Plaintiff further alleges that the arthroscopic probe's defects were the direct and proximate cause of Ms. Breide's injuries.

21. Plaintiff further alleges that as a direct and proximate result of the Defendant CareFusion's defective product, Ms. Breide suffered significant and severe physical injuries, some or all of which are permanent in nature.

22. Plaintiff further alleges that as a direct and proximate result of the defective product, Ms. Breide suffered severe permanent injuries and endured severe

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 4 -

physical pain and suffering, discomfort, mental anguish and other damages, and suffered a loss of wages and/or wage-earning capacity and incurred, and will continue to incur, substantial expenses for medical treatment and related care.

### COUNT II
### (Breach of Implied Warranty of Merchantability)

23. Plaintiff hereby incorporates, by reference, paragraphs 1 through 22 above, and further alleges that the arthroscopic probe that was used during Ms. Breide's surgery was unfit for the ordinary purposes for which it was used, i.e., to safely operate on a patient such as Ms. Breide.

24. Plaintiff further alleges that Defendant CareFusion was a merchant in the market for medical devices such as the arthroscopic probe that was used to operate on Ms. Breide.

25. Plaintiff further alleges that the arthroscopic probe's unfitness for the job of safely performing surgery on patients such as Ms. Breide was the direct and proximate cause of the injuries complained of herein.

26. As a direct and proximate result of the defects in the product designed, manufactured, distributed and/or by Defendant, Ms. Breide suffered serious and permanent injuries.

27. As a further direct and proximate result of the product's defect, Ms. Breide has suffered and will continue to suffer mental anguish, and has incurred and will continue to incur substantial expenses for medical care and treatment, and has suffered a loss of wages and/or wage-earning capacity.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

## COUNT III
### (Negligence — Design Defect, Manufacturing Defect, Failure to Warn)

28. Plaintiff hereby incorporates, by reference, paragraphs 1 through 27 and further alleges that Defendant CareFusion owed a duty of reasonable care to Plaintiff and foreseeable users of the arthroscopic probe at issue with regard to the design, manufacture, assembly, testing, labeling, distribution, marketing, advertising, sale, purchase and warranty of the product.

29. Plaintiff further alleges that Defendant CareFusion further owed to Plaintiff, and other foreseeable users of the arthroscopic probe at issue a duty to warn and/or adequately advise them of any deficiencies associated with the arthroscopic probe, and that said duty existed both at the time of sale and at all times leading up to the incident which forms the basis of this Complaint.

30. Plaintiff further alleges that Defendant CareFusion knew or should have known that the aforementioned defect(s) created an unreasonable risk of harm to patients such as Ms. Breide, and should have warned of such.

31. Plaintiff further alleges that Defendant CareFusion breached said duties in that the arthroscopic probe was unreasonably dangerous and defective in design and/or manufacture at the time it left Defendant CareFusion's control, and Defendant CareFusion failed to warn of such or fix such matter. The defects in the arthroscopic probe related to, among other things, its inability to maintain structural integrity when used to perform surgery on patients such as the surgery that was performed on Ms. Breide.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

32. As direct and approximate result of Defendant CareFusion's aforesaid negligent acts and/or omissions, the arthroscopic probe at issue malfunctioned on November 19, 2012.

33. As a further direct and proximate result of Defendant CareFusion's negligence, Ms. Breide sustained serious injuries.

34. As a further direct and proximate result of Defendant CareFusion's negligence, Ms. Breide has suffered and will continue to suffer mental anguish, and has incurred and will continue to incur substantial expenses for medical care and treatment, and has incurred and/or will incur a loss of wages and/or wage-earning capacity.

## COUNT IV
### (Breach of Express Warranty)

35. Plaintiff incorporates, by reference, paragraphs 1 through 34 and alleges that Defendant CareFusion and their agents expressly warranted via their marketing, advertisements, warranties, sales literature, owners manuals, and other representations that their product(s) and in particular the arthroscopic probe at issue was fit for the purpose for which it was intended, namely for the safe use during surgeries on patients such as Ms. Breide.

36. Plaintiff further alleges that Defendant CareFusion breached said express warranties by failing to provide a product free from design and/or manufacturing defects, rendering it unsafe for its intended use(s), as described in detail above.

37. As a direct and proximate result of Defendant CareFusion's breach of warranty, Ms. Breide sustained serious injuries.

38. As a further direct and proximate result of Defendant CareFusion's breach of warranty, Ms. Breide has suffered and will continue to suffer mental anguish, and has incurred and will continue to incur substantial expenses for medical care and treatment, and has incurred and/or will incur a loss of wages and/or wage-earning capacity.

### COUNT V
### (Breach of Warranty & Implied Warranty of Fitness for Particular Purpose)

39. Plaintiff incorporates, by reference, paragraphs 1 through 38 and further alleges that Defendant CareFusion had a duty pursuant to express and implied warranty(ies) of fitness for particular purpose.

40. Plaintiff further alleges that Defendant CareFusion had reason to know of the particular needs of patients such as Ms. Breide because those needs were communicated and specified to Defendant and/or employees and/or agents and/or representatives and/or authorized dealers of Defendant, and that this knowledge was known at the time of the purchase of the arthroscopic probe at issue and thereafter. By reason of such knowledge, there was, or were, implied warranty(ies) that the arthroscopic probe that was used to perform surgery on Ms. Breide was fit for the particular purpose(s) of allowing surgeons to safely operate on patients such as Ms. Breide, and constituted part of the bargain between the parties. Defendant CareFusion had reason to know that patients such as Ms. Breide were relying upon Defendant's superior knowledge, skill and judgment in selecting proper equipment and devices, including the arthroscopic probe at issue, for performing surgery safely.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 8 -

41. Plaintiff further alleges that by failing to manufacture the arthroscopic probe to ensure its proper operation, Defendant CareFusion breached said implied warranty(ies) by failing to provide a product free from design and/or manufacturing defects, rendering it unsafe for its intended and/or known and/or specified use(s).

42. Plaintiff further alleges that Ms. Breide is in the class of persons who are/were reasonably expected to use, consume, or be affected by the arthroscopic probe at issue.

43. As a direct and proximate result of Defendant's breach of warranty, Ms. Breide sustained serious injuries.

44. As a further direct and proximate result of Defendant's breach of warranty, Plaintiff has suffered and will continue to suffer mental anguish, and has incurred and will continue to incur substantial expenses for medical care and treatment, and has incurred and/or will incur a loss of wages and/or wage-earning capacity.

WHEREFORE, Plaintiff Charlotte Breide demands judgment in compensatory damages against Defendant CareFusion in an amount that exceeds $75,000.00, plus interest and costs.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all of the above claims.

Respectfully submitted,

REGAN ZAMBRI & LONG, PLLC

By: _____
Patrick M. Regan
pregan@reganfirm.com
Jacqueline T. Colclough
jcolclough@reganfirm.com
Christopher J. Regan
cregan@reganfirm.com
1919 M Street, N.W., Suite 350
Washington, DC 20036
PH: (202) 463-3030
Fx: (202) 463-0667
*Counsel for Plaintiff*

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030